IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIK K. HAYWARD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-2480-K-BW |
| | § | |
| KRISTI NOEM,[1] | § | |
| SECRETARY, DEPARTMENT OF | § | |
| HOMELAND SECURITY, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 2, 2024, the Secretary of Homeland Security and the
Transportation Security Administration (collectively "Defendants"), filed a motion
to dismiss Plaintiff Erik K. Hayward's complaint for failure to state a claim upon
which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]
(*See* Dkt. No. 10 ("Mot.").)  Hayward filed his response to the motion on December
13, 2025.  (*See* Dkt. No. 14 ("Resp.").)  Defendants filed a reply on December 20,
2024, (*See* Dkt. No. 15 ("Reply")), and Hayward filed a "Response to New Issues
Raised in the Motion to Dismiss" which the undersigned construes as a sur-reply and
that is not authorized as a matter of right under court rules, (*See* Dkt. No. 16 ("Sur-

---

[1] Defendant is a federal official sued in her official capacity.  Therefore, the current
Secretary of Homeland Security, Kristi Noem, has been substituted as a defendant for
Alejandro Mayorkas.  *See* Fed. R. Civ. P. 25(d).

[2] Defendant's motion to dismiss also included dismissal grounds pursuant to Rule
12(b)(5) for insufficient service of process.  (*See* Mot. at 10.)  Hayward subsequently cured
the defective service, Defendant withdrew the Rule 12(b)(5) grounds for dismissal.  (Dkt.
No. 21.)

reply")).  *See* N.D. Tex. L.R. 7.1 (providing for motion, response, and reply).  The undersigned has considered the contents of Plaintiff's Sur-reply nonetheless.

The case was referred to the undersigned United States magistrate judge for case management pursuant to Special Order 3-251.  (*See* Dkt. No. 1.)  For the reasons stated below, the undersigned recommends that the District Judge **GRANT** Defendants' motion and dismiss this action.

## I. BACKGROUND

Hayward, proceeding pro se, filed this action arising from his employment as a Transportation Security Officer ("TSO") at the Dallas Fort Worth International Airport.  (*See* Dkt. No. 3 ("Compl.") at 1; Mot. at 2.)  Hayward is employed by the Transportation Security Administration (the "Agency"), a federal agency within the U.S. Department of Homeland Security.  Given Hayward's pro se status, the undersigned liberally construes his complaint to summarize the following relevant facts.

During the COVID-19 pandemic, Hayward took issue with the Agency's COVID-19 policies with respect to employees.  (*See* Compl. at 2.)  Hayward believed that the Agency's requirement that he disclose his vaccination status violated his right to privacy.  (*See id.* at 2-3.)  Based on Hayward's presentation of the facts, it appears he never disclosed to the Agency whether or not he had been vaccinated.  (*See id.* at 2, 5.)  Although he now asserts he was a participant in the Pfizer clinical trial in August of 2020, he claims it occurred during his personal time and "[had]

absolutely nothing to do with [his] ability to do the job." (*Id.* at 2.)  Instead, Hayward submitted a medical exemption stating he "was perfectly healthy, had no medical reasons to avoid vaccines, could perform all functions of [his] job and needed no accommodations, and left the medical form intended to be filled out by a doctor nominally blank." (*Id.* at 5.)

Hayward alleges that because he chose not to disclose his vaccination status, the Agency believed him to be unvaccinated and regarded him as disabled. (*See id.* at 1-2, 6.)  He further alleges that employees treated as unvaccinated were required to wear different personal protective equipment compared to those who were vaccinated. (*Id.* at 2.)  This, he says, "made it easy for people to visually identify people as not vaccinated and use that information to harass individuals." (*Id.*)

Around the same time, Hayward wished to apply for a newly available position as Supervisory Transportation Security Officer; however, he believes "[t]he Agency denied [him] equal access to this job because they believed [his] immune system rendered [him] unsuitable." (*Id.* at 1.)  Hayward avers that he wanted to apply for the job but "[he] heard rumors that individuals in management intended to fire or discriminate against individuals during the probationary period, and that in essence the promotion was intended as a trap for people thought to be unvaccinated." (*Id.* at 2.)  Ultimately, Hayward did not apply for the promotion. (*Id.*)

In response to the alleged discrimination, Hayward filed a disability discrimination claim with the Equal Employment Opportunity Commission

("EEOC") arguing "that [he] was regarded as disabled[.]" (Compl. at 4.) Hayward's arguments to the EEOC "were ultimately rejected . . . [for] failure to state a claim, because the alleged discrimination was based on 'vaccination status.'" (*Id.* at 1.) According to Hayward, the EEOC also based its rejection on the fact that Hayward never actually applied for the job. (*Id.* at 2.) In addition to the EEOC complaint, Hayward asserts that he filed complaints with the Office of Special Council ("OSC") alleging wrongdoings under Title 5 of the United States Code. (*See id.* at 1.)

Hayward filed this action on October 3, 2024, asking the Court to "rule the agency regarded [him] as disabled[,]" and therefore discriminated against him, and to "[e]nforce 5 U.S. Code § 7515 b)1[.]" (*See* Compl. at 7.) Defendants filed the instant motion to dismiss on December 2, 2024.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F. Supp. 2d 615, 618 (N.D. Tex. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (first alteration added, internal quotation marks omitted)). To state a claim upon which relief can be

granted and defeat a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, the Court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The ultimate question is whether the complaint plausibly states a valid claim when viewed in the light most

favorable to the plaintiff.  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success.  It only determines whether the plaintiff has stated a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

A pro se plaintiff's pleadings are liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  It is well established that a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Id.* (internal quotations omitted).  "Even so, 'mere conclusory allegations on a critical issue are insufficient.'"  *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).  And "liberal construction does not require that the Court . . . create causes of action where there are none."  *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

### III.  ANALYSIS

Construing Hayward's complaint liberally, in recognition of his pro se status, the undersigned construes his claims as seeking relief under the Rehabilitation Act, and the Whistleblower Protection Act of 1989.[3]

---

[3] In reply, Defendants argue that Hayward improperly raised new medical-inquiry claims under the Rehabilitation Act for the first time in response to the motion to dismiss. (Reply at 5.)  However, Hayward disclaimed any such claims when he stated in his sur-reply

A.    **Hayward does not—and cannot—present a claim under the Rehabilitation Act.**

"While the [Americans with Disabilities Act] 'applies only to public entities,' such as private employers, [Hayward's] claim could theoretically be construed as a claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits disability discrimination in federally-funded programs." *See Kaswatuka v. United States Dep't of Homeland Sec.*, 7 F.4th 327, 330 (5th Cir. 2021) (citing *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010)). "The provisions of the ADA are made applicable to federal employees through the Rehabilitation Act." *Id.* at 330 (citing *Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 380 n.6 (5th Cir. 2007)).

The ADA prohibits employment discrimination against a qualified individual based on the individual's disability. *See* 42 U.S.C. § 12112(a); *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities[;] (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The term "disability" is construed broadly to ensure coverage in accordance with the statute. *Id.* § 12102(4)(A). To "be substantially limited means to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614

---

that "[t]he point [he] made . . . was not to raise a new issue . . ., but to exemplify the glaring holes in the idea put forward that there is no issue in having a 'workplace COVID-19 policy.'" (Sur-reply at ECF p. 3.)

(5th Cir. 2009) (citing 29 C.F.R. § 1630.2(j)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

To make a prima facie showing of disability discrimination, a plaintiff must allege that: "(1) [he] has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability." *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (citing *LHC Grp., Inc.*, 773 F.3d at 697). "Adverse employment decisions are 'ultimate employment decisions such as hiring, granting leave, discharging, promoting, . . . compensating,' or demoting." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021).

> ### 1. Hayward's disability discrimination claim under the Rehabilitation Act is barred by the ATSA.

"[T]he Aviation and Transportation Security Act ("ATSA"), 49 U.S.C. § 44935, precludes any claim of disability discrimination." *Kaswatuka*, 7 F.4th at 330. In *Kaswatuka*, the Fifth Circuit held that a plaintiff could not proceed with a Rehabilitation Act claim because such claim was precluded by the ATSA. *Id.* ("[M]any courts have held that 'the language of the ATSA plainly precludes security screeners from bringing suit under certain of the federal employment statutes . . . including the Rehabilitation Act.'" (citing *Field v. Napolitano*, 663 F.3d 505, 512 (1st Cir. 2011))).

Hayward argues that the Fifth Circuit's holding in *Kaswatuka* does not warrant dismissal of his claims. (Resp. at ECF p. 177.) He argues it does not apply to him because he is not disabled. (*Id.*) Despite his multiple assertions that he is not disabled, Hayward's underlying complaint asserts a claim based on allegations that the Agency discriminated based on its perception of him as being disabled. (Compl. at 4 ("The EEOC judge erroneously did not address at all my claim of disability discrimination. I claimed that I was regarded as disabled, and argued at every step that I was not disabled.").) Accordingly, because Hayward is a security screener attempting to bring suit under the Rehabilitation Act for disability discrimination, he is precluded from doing so by the ATSA.

  2. **Even if Hayward's claim was not barred by the ATSA, he fails to plead a claim under the Rehabilitation Act.**

Even assuming Hayward's claim is not precluded under the ATSA, Hayward's discrimination claim nonetheless fails to state a claim of disability discrimination. This is so for two reasons: vaccination status is not a disability, and Hayward does not plead an adverse employment action.

  a. **Hayward fails to plead a disability.**

"The ADA permits suits not only by those who are actually disabled but also those who are 'regarded as' disabled." *Chancey v. BASF*, No. 23-40032, 2023 WL 6598065, at *2 (5th Cir. Oct. 10, 2023) (unpublished) (citing 42 U.S.C. § 12102(1)(A)–(C)), *cert. denied*, 144 S. Ct. 1060 (2024). "To state a claim for employment discrimination under the 'regarded as' prong of the ADA, [Hayward]

must establish that he was 'subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.'" *Id.* (citing *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 230 (5th Cir. 2015)).

Hayward contends that "the agency regarded [him] as unable to work because of [his] immune system's condition." (Compl. at 4.)   In *Chancey*, the plaintiff accused his employer of disability discrimination under the ADA and further accused the employer "of regarding him as if had an 'impaired immune system and an impaired respiratory system[]'" because of his vaccination status. *See Chancey*, 2023 WL 6598065, at *1-2 ("Chancey alleges that [Defendant] discriminated against him based on a 'perceived disability.'").  The Fifth Circuit affirmed the district court's holding that "merely being at risk of developing a condition is insufficient to state a disability-discrimination claim under the ADA[.]"  *Id.* at *2.

The circumstances of this case are comparable to those in *Chancey*; both cases arise out of an employee's assertion that he was regarded as disabled due to perceived COVID-19 vaccination status.  As in *Chancey*, Hayward's assertion that his employer treated him as unvaccinated fails to allege a disability.  *See id*; *see also Slavit v. Peripheral Vascular Associates, P.A.*, No. SA22CV1194OLGHJB, 2024 WL 1985842, at *4 (W.D. Tex. Mar. 15, 2024) (granting defendant's motion for summary judgment because "there is no genuine dispute that [defendant] did not regard [plaintiff] as disabled simply because of its Covid-19 policy."), *adopted*, 2024 WL 1978022 (W.D. Tex. Apr. 30, 2024).

-10-

###### b.    Hayward fails to plead an adverse employment action.

Were the previously discussed issues not barriers to Hayward's claim, the claim still would fail because Hayward does not allege that his employer took an adverse employment action against him.  Indeed, Hayward acknowledges that he did not apply for the promotion that he alleges is the basis of his discrimination claim.

Refusal to promote an employee is an adverse employment decision.  *Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 364 (5th Cir. 2013).  In the Fifth Circuit, "[h]owever, an employee's failure to apply for a promotion will bar a failure-to-promote claim unless there is a showing that such an application would have been a futile gesture."  *Rodriguez v. Brownsville Indep. Sch. Dist.*, 739 F. App'x. 227, 231 (5th Cir. 2018).  "To show applying would have been futile usually requires a showing that the applicant for the promotion was deterred by a known and consistently enforced policy of discrimination."  *Id.* (internal citations omitted).

Hayward does not establish that applying for the promotion would have been futile.  He alleges in conclusory fashion that "[t]he Agency denied [him] equal access to [the] job because they believed [his] immune system rendered [him] unsuitable." (Compl. at 1.)  He acknowledges that he did not apply for the promotion, (*see id.* at 6 ("The judge is correct that I did not apply to the job[.]"), but he avers that he did not do so because of the Agency's policies with respect to vaccination and his apparent belief that the Agency was using the promotion opportunity to terminate unvaccinated employees, (*see* Compl. 4, 6).  Hayward's assertion of unspecified and

-11-

untested rumor provides no basis upon which futility can be found. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999) (affirming the district court's decision that the plaintiff failed to show she was deterred by a known and consistently enforced policy of discrimination and that "[defendant's] statement that [plaintiff] would 'probably be better off' in the old position [cannot] be reasonably interpreted as a suggestion that [plaintiff] had no chance at getting the promotion."). Because Hayward does not plausibly allege that he would have applied for the promotion but for a known and consistently enforced policy of discrimination, his claim fails for that additional and independent reason.

### 3. Leave to amend the complaint is unnecessary here.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Rule 15(a) is not without limitation, and the decision to allow amendment of a party's pleadings is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

When deciding whether to grant leave to amend, the court considers "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, [and] futility of amendment[.]"

*Foman*, 371 U.S. at 182.  If the complaint, as amended, would be subject to

dismissal, then amendment is futile and the court is within its discretion to deny

leave to amend. *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans,* 29 F.4th 226, 229

(5th Cir. 2022).  "The 'futility standard' is 'the same standard of legal sufficiency as

applies under Rule 12(b)(6).'"  *Mornes v. Valdez*, 414 F. Supp. 3d 888, 891 (N.D. Tex.

2019) (quoting *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir.

2000)).

    The undersigned finds leave to amend would be futile because Hayward

cannot allege an actionable discrimination claim by pleading additional facts.  As

explained above, Hayward's disability claim is precluded by the ATSA.  No

amendment or additional facts pleaded by Hayward would change that.

Additionally, even if Hayward's claim was not precluded, Hayward himself admits

he is not disabled in any way and that he did not apply for the promotion based on

rumors he heard.  Based on these facts, any subsequent amendment would be subject

to dismissal and therefore be futile.  Thus, the Court need not allow Hayward to file

an amended pleading before dismissing his claim.

**B.    The Court should dismiss Hayward's CSRA claims without prejudice.**

    The Whistleblower Protection Act of 1989 ("WPA") is an amendment to the

Civil Service Reform Act ("CSRA") that "protects government employees from

retaliation for disclosing potentially embarrassing or damaging information about

government operations."  *Grisham v. United States*, 103 F.3d 24, 25 (5th Cir. 1997); *see*

*also Baney v. Mukasey*, No. 3:06-CV-2064-L, 2008 WL 706917, at *5 (N.D. Tex. Mar. 14, 2008) ("The WPA prohibits governmental agencies from taking adverse personnel actions against employees . . . because the employee . . . disclosed information reasonably believed to evidence a violation of the law or a gross mismanagement of funds.").

Under the procedures set out in Title 5 of the U.S. Code, an employee who believes he is the victim of an unlawful reprisal must first present his claim to the Office of Special Counsel ("OSC"), which investigates the complaint. *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) (citing 5 U.S.C. § 1221). "If the OSC finds that there was a prohibited personnel action as defined by § 2302, it reports its findings to the [Merit Systems Protection Board ("MSPB")], and it can petition the MSPB on the employee's behalf." *Id.* If the OSC finds there was no agency wrongdoing, the employee himself may bring the action before the MSPB. *Id.*

"An employee or applicant adversely affected may appeal the decision of the MSPB; only after the MSPB has issued a final order or decision may the applicant or employee obtain judicial review."[4] *Baney*, 2008 WL 706917, at *5 (citing 5 U.S.C. § 1221(h)(1)). "Under no circumstances does the WPA grant the [Federal] District

_____

[4] "Judicial review is ordinarily limited to the Court of Appeals for the Federal Circuit, 5 U.S.C. § 7703(b)(1), but a district court may hear a WPA claim if it was first raised before the Agency as a 'mixed case.'" *Baney v. Mukasey*, No. 3:06-CV-2064-L, 2008 WL 2673753, at *4 (N.D. Tex. June 30, 2008) (citing *Fleeger v. Principi*, 221 F. App'x 111, 115-16 (3d Cir. 2007); *see also* 5 U.S.C. § 7703(b)(2)). The Court need not determine whether it could have jurisdiction because Hayward has not met the exhaustion requirement and there is no MSPB final decision for judicial review.

-14-

Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella*, 284 F.3d at 142.

Here, Hayward argues that his case is "ripe" for this Court because he brought his claim to the OSC and the OSC did not petition the MSPB on his behalf. (*See* Resp. at 7.) While Hayward is correct that OSC did not present his claim to the MSPB, Hayward could, and should, have submitted the claim to the MSPB himself. *See Stella*, 284 F.3d at 142. Hayward acknowledges that "[t]here is no decision [by the MSPB] to set aside here." (Resp. at 7.) Therefore, the Court should dismiss Hayward's CSRA and WPA claims.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the District Judge grant Defendants' motion to dismiss and,

(1) **DISMISS** Haywards disability claim **with prejudice**,

(2) **DISMISS** Hayward's WPA claim **without prejudice** subject to his exhaustion of the claim before the Merit Systems Protection Board.

**SO RECOMMENDED** on April 24, 2025.


_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

-15-

## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).